**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff/Respondent,**

**v.** **No. CV 16-0423 RB/LAM**
**CR 13-2725 RB**

**JOHN ERIC SAPIEN, JR.,**

**Defendant/Movant.**

# ORDER GRANTING MOTION TO STAY

**THIS MATTER** is before the Court on the ***United States' Amended Opposed Motion For Stay Pending the Supreme Court's Decision in* Beckles v. United States** *(Doc. 23)*,[1] filed on December 9, 2016. Defendant/Movant ("Defendant") filed a response on December 19, 2016. [*Doc. 24*]. The United States has not filed a reply and the time for doing so has passed. Having considered the motion, response, record of this case, and relevant law, the Court **FINDS** that the motion is well-taken and shall be **GRANTED**.

On March 25, 2014, Defendant was sentenced to 60 months of imprisonment for Distribution of Cocaine in violation of 21 U.S.C. § 841(b)(1)(C). [*Cr.Doc. 30* at 1-2].[2] In his amended § 2255 motion, Defendant states that he was found to be a career offender under the Sentencing Guidelines, U.S.S.G. § 4B1.1 (*see Doc. 16* at 2), which classifies a defendant as a

---

[1] Hereinafter, all documents from Case No. CIV-16-423 cited in this decision will be designated as "*Doc*." followed by their docket number.

[2] Hereinafter, all documents from the underlying criminal case (Case No. CIV-13-2725 RB) will be designated as "*Cr.Doc*." followed by their docket number.

career offender if the defendant is convicted of a felony that is either a crime of violence or a controlled substance offense, and has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Defendant states that his prior convictions for criminal sexual contact of a minor in the fourth degree and false imprisonment, and for aggravated battery with a deadly weapon, were used to classify him as a career offender. [*Doc. 16* at 2]. Defendant contends that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), he does not qualify as a career offender under the Sentencing Guidelines. *See id.* at 3. Defendant notes that the Supreme Court in *Johnson* declared the residual clause of the Armed Career Criminal Act to be unconstitutionally vague, and that the Tenth Circuit in *Madrid* "held that the comparable residual clause of the career offender guideline was unconstitutionally vague following *Johnson*." *Id.* at 4. Therefore, Defendant contends that pursuant to the holdings in *Johnson* and *Madrid*, he is no longer a career offender under the Sentencing Guidelines, and the Court should vacate his sentence and order a new hearing at which he can be resentenced without using the career offender enhancement. *Id.* at 16.

In the Government's motion to stay, the Government notes that the Tenth Circuit in *Madrid* applied *Johnson* to a Sentencing Guidelines case on direct appeal, but that the issue of whether *Johnson* applies to Sentencing Guidelines cases on collateral review will be decided by the Supreme Court in *Beckles v. United States*, S.Ct. No. 15-8544. [*Doc. 23* at 1-2]. The Government states that, if Defendant prevails on his § 2255 claim, his revised Sentencing Guideline range would be 21 to 27 months, and that, as of November 28, 2016, Defendant has served approximately 13 months and 24 days of his federal sentence. *Id.* at 3. Therefore, the Government contends that Defendant would not be prejudiced by a stay of these proceedings, and

the Government asks the Court to stay its decision pending a ruling by the Supreme Court in *Beckles*.  *Id.* at 4.

In response, Defendant contends that a stay should not be entered in this case.  [*Doc. 24* at 2].  Defendant contends that he would be harmed if these proceedings are stayed because *Beckles* may not be decided until June 2017, and that "[i]t is not inconceivable that the case might be reset for oral argument after a new justice is appointed, delaying any decision even longer."  *Id.* at 3.  Defendant states that, if he prevails on his § 2255 motion, his Sentencing Guideline range without the career offender enhancement would be 21-27 months, and that he began serving his federal sentence on October 5, 2015, so he has served 14 months of his federal sentence.  *Id.*  Defendant contends that "there is no guarantee that *Beckles* will actually decide whether *Johnson* is retroactively applicable to guideline cases," that the Supreme Court may divide evenly and its decision would not have precedential value, and that, if the Supreme Court rules that *Johnson* applies retroactively in Sentencing Guidelines cases on collateral review, then the issue of whether Defendant's prior convictions still qualify as crimes of violence may still need to be decided.  *Id.* at 4.  Defendant notes that the Tenth Circuit has directed district courts in other cases to vacate orders granting stays.  *Id.* at 4-6 (citing *United States v. Paul Allen Miller*, Case No. 16-8080 (10th Cir. Nov. 2, 2016) (unpublished), *United States v. Carey*, No. 16-8093, 2016 WL 6543343 (10th Cir. Nov. 4, 2016) (unpublished), *United States v. Smith*, No. 16-8091, 2016 WL 6609499 (10th Cir. Nov. 9, 2016) (unpublished) and *United States v. Evans*, No. 16-1171, ECF No. 01019657091 (10th Cir. July 14, 2016) (unpublished)).  Defendant contends that his case can be distinguished from the Tenth Circuit's affirmance of the district court's grant of a stay in *United States v. Rollins*, No. 15-1459, ECF No. 01019652432, because the defendant in that case still faced an advisory guideline range of 130-162 months even if he were to prevail on his § 2255

motion. *See* [*Doc. 24* at 6]. Defendant notes that several decisions in this Court have either granted § 2255 challenges to guideline sentences under *Johnson* or denied the Government's motions to stay for the same reasons raised by Defendant. *Id.* at 6-7. Defendant contends that the Government's reliance on the case *Ali Al-Rekabi v. United States*, Case No. 2:16CV573DAK, 2016 WL 5874976, at *3 (D. Utah Oct. 7, 2016) (unpublished), is unpersuasive in light of the Tenth Circuit's decisions in the above-cited cases. *Id.* Finally, Defendant contends that the Government would not be prejudiced if this Court releases Defendant and then the Supreme Court were to rule that *Johnson* does not apply retroactively to Guidelines cases, because the Government could appeal the Court's ruling and seek to reinstate Defendant's sentence. *Id.*

In deciding whether to stay § 2255 proceedings until the Supreme Court issues its decision in *Beckles*, the Tenth Circuit has considered whether the defendant would be prejudiced by the stay. Where a defendant has alleged that he would be eligible for immediate release if he were to prevail on the merits of his *Johnson* claim, the Tenth Circuit has denied the Government's request for a stay. *See United States v. Evans*, No. 16-1171, ECF No. 01019657091 (10th Cir. July 14, 2016) (denying the Government's request for stay); and Appellant's Brief in *Opposition to Motion to [Stay]*, ECF No. 01010956542, at 3 (July 13, 2016) (opposing the Government's request for a stay in part because the defendant would be eligible for immediate release if he were to prevail on his § 2255 motion). Conversely, where the defendant's term of imprisonment would still be lengthy if the Court were to rule in his favor on the merits of his *Johnson* claim, the Tenth Circuit has granted the Government's request for a stay. *See United States v. Rollins*, No. 15-1459, ECF No. 01019652432 (10th Cir. July 6, 2016) (stating that, after consideration of Defendant/Appellant's arguments in opposition to the Government's motion to stay the case, the case will remain stayed until the Supreme Court issues decision in *Beckles*); and Appellant's

Supplemental Opening Brief, ECF No. 01019628809, at 7-8 (May 27, 2016) (demonstrating that Appellant would not be eligible for immediate release even if he were to prevail on the merits of his *Johnson* claim).

Here, if Defendant prevails on his § 2255 motion, the parties agree that his advisory guideline range would be 21-27 months, and that Defendant began serving his federal sentence on October 5, 2015, and, thus, has served approximately 14 months of his sentence. *See* [*Doc. 23* at 3 and 4, n.2] and [*Doc. 24* at 3]; *see also* [*Doc. 23-1* at 1] ("Sentencing Monitoring Computation Data" showing that Defendant was committed to federal custody on December 2, 2015). Therefore, even if Defendant were to prevail on the merits of his *Johnson* claim, the low end of Defendant's Guideline range would be 21 months, which would be completed in July 2017. The parties further agree that the Supreme Court's decision in *Beckles* may issue in May or June 2017. *See* [*Doc. 23* at 4] ("Following the November 28, 2016 oral argument in *Beckles*, the opinion should issue in May or June 2017, before the Supreme Court recesses for the term.") and [*Doc. 23*] (noting that *Beckles* may be decided in June 2017, but that it might be reset for oral argument after a new justice is appointed). Because Defendant is not immediately eligible for release if he were to prevail on his § 2255 motion, and because it is likely that the decision in *Beckles* will issue before Defendant becomes eligible for immediate release, the Court finds that Defendant would not be prejudiced by a stay of these proceedings.

In addition, the Court finds unpersuasive Defendant's reliance on the cases of *Miller*, *Carey*, *Smith*, and *Evans*, for his contention that the Court should not stay this case, since in each of those cases the defendants were eligible for immediate release because they had all served at least the lower end of their adjusted Guideline ranges if they were to prevail on their § 2255 motions. *See Miller*, No. 16-8080, ECF No. 0109714850, at *2 (November 2, 2016) (if he prevails on his

§ 2255 motion, the defendant has already served the low end of the adjusted Guideline range); *Carey*, 2016 WL 6543343 at *1 (while the defendant's sentencing date is not provided, based on the date of his indictment, if the defendant prevails on his § 2255 motion, he has already served the low end of the adjusted Guideline range); *Smith*, 2016 WL 6609499, at *1 (if he prevails on his § 2255 motion, the defendant has already served the high end of the adjusted Guideline range); and *Evans*, No. 16-1171, ECF No. 01010656542, at *3 (July 13, 2016) (if he prevails on his § 2255 motion, the defendant has already served the low end of the adjusted Guideline range).  The Court finds that this case at this time is more similar to the facts in *Rollins* in which the defendant was not immediately eligible for release and the Tenth Circuit upheld the district court's decision to stay the case pending a decision in *Beckles*.  This decision is also consistent with other decisions issued by this Court regarding whether or not to grant a stay pending a decision in *Beckles*.  While Defendant hypothesizes that the *Beckles* decision may not be issued until after June 2017, the Court finds that this does not provide sufficient support to deny a stay at this time.  However, if the *Beckles* decision is delayed past June 2017, Defendant can move at that time for the Court's reconsideration of its decision to stay this case.

For the reasons stated above, the Court finds that a stay in this case is appropriate given that the Supreme Court's ruling in *Beckles* may affect the Court's disposition of the merits of this case. Therefore, Defendant's motion will be granted and further proceedings in the present case will be stayed until the United States Supreme Court issues an opinion in *Beckles v. United States* (S. Ct. No. 15-8544).

**IT IS THEREFORE ORDERED** that the ***United States' Amended Opposed Motion For Stay Pending the Supreme Court's Decision in* Beckles v. United States** *(Doc. 23)* is **GRANTED**.

**IT IS FURTHER ORDERED** that proceedings in the present case are hereby **STAYED** until the United States Supreme Court issues an opinion in *Beckles v. United States* (S. Ct. No. 15-8544).

**IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**